IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CLEAR SKIES NEVADA, LLC**,

    Plaintiff,

v.

**JOHN EVAN FRITTER**,

    Defendant.

Case No. 3:16-cv-1364-AC

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Clear Skies Nevada, LLC ("Clear Skies"), brings this action against Defendant John Evan Fritter ("Defendant" or "Fritter"). Plaintiff alleges that Defendant copied and distributed Plaintiff's motion picture, *Good Kill*, through a public BitTorrent network in violation of Plaintiff's exclusive rights under the Copyright Act. Before the Court is Plaintiff's motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiff's motion, and will enter a default judgment against Defendant in the amount of $1,500, along with injunctive relief.

## STANDARDS

    Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or

PAGE 1 – OPINION AND ORDER

otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of

> prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Beginning in 2014, counsel for Plaintiff has filed hundreds of cases in this District asserting that Doe defendants, originally identified only by their Internet Protocol ("IP") addresses, violated the Copyright Act by downloading movies on the internet using a peer-to-peer BitTorrent file sharing protocol. On July 5, 2016, Plaintiff filed its complaint in this case, identifying a doe defendant IP address as a person who illegally downloaded *Good Kill* using the BitTorrent network, among many other motion pictures. Plaintiff then identified Fritter as the subscriber associated with the infringing IP address 98.232.169.70.

On September 6, 2016, Plaintiff filed an amended complaint, naming Fritter as the defendant. Fritter was personally served with the Summons and amended complaint. He failed to appear, and on November 21, 2016, the Court entered an order of default against Fritter.

After Plaintiff filed its motion for entry of a default judgment against Defendant, the Court appointed pro bono counsel to advise Defendant. Appointed counsel has advised the Court that despite diligent efforts, counsel has been unable to communicate with Fritter.

Despite Defendant being served with this action, receiving communications from Plaintiff's counsel, receiving communications from the Court, and receiving communications from appointed pro bono counsel, infringing activity continues to be monitored at the IP address

PAGE 3 – OPINION AND ORDER

associated with Defendant. A review of the IP address associated shows significant continued BitTorrent activity as recently as January 2017.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiffs' Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiff concedes that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiff seeks only statutory damages. Plaintiff also notes that judges in this district have awarded varying amounts of statutory damages. Plaintiff argues that because of Defendant's willful infringement, deliberate refusal to participate in this litigation, and continued significant use of torrent protocol

PAGE 4 – OPINION AND ORDER

to download copyright-protected materials even after the filing of this lawsuit, damages of significantly greater than the statutory minimum are warranted in this case. Accordingly, Plaintiff seeks statutory damages in the amount of no less than $10,000. Although the Court agrees that statutory damages of greater than $750 are warranted in this case, the Court does not believe that the facts and circumstances warrant statutory damages of $10,000 or more.

Defendant has never admitted that he engaged in the infringing activity, although because Defendant has defaulted the facts of Plaintiff's complaint are considered proven. Defendant was personally served with process and then refused to participate in this proceeding. The Court appointed pro bono counsel to help Defendant, and pro bono counsel could not make contact with Defendant. There is no indication that Defendant changed his address or did not receive correspondence from the Court, pro bono counsel, and opposing counsel. Importantly, after being notified that use of the torrent protocol to download copyright-protected material is illegal and after being served with this lawsuit, the IP address associated with Defendant continues to download significant material using the torrent protocol.

The Court acknowledges that there are many reasons why a party may not wish to participate in a legal proceeding, and the Court often recites Magistrate Judge Stacie Beckerman's well-reasoned discussion of why defendants in BitTorrent cases particularly may not defend these types of lawsuits, and why such lack of defense should not necessarily be a factor on which to base higher statutory damages. Considering all the circumstances of this case, the Court finds that the appropriate statutory damage award is $1,500.

Plaintiff also seeks injunctive relief preventing Defendant from future infringing activity against Plaintiff's motion picture *Good Kill*. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary

PAGE 5 – OPINION AND ORDER

and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id.* § 502. The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." *Id.* § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiff's rights, including without limitation by using the internet to reproduce or copy Plaintiff's motion picture *Good Kill*, to distribute *Good Kill*, or to make *Good Kill* available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiff. The Court also orders Defendant to destroy all unauthorized copies of *Good Kill*.

## CONCLUSION

Plaintiff's motion for default judgment (ECF 14) is GRANTED. Defendant is ordered to (1) pay Plaintiff statutory damages of $1,500; (2) cease all activities infringing on Plaintiff's rights in the motion picture *Good Kill*; and (3) destroy all Defendant's unauthorized copies of *Good Kill*.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge